# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIM SHAKIR DANIELS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CASE NO. 11-CR-470-H-2<br>16-CV-1454-H<br><br>**ORDER:**<br><br>**(1) DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE; AND**<br><br>**[Doc. No. 163 in 11-cr-470.]**<br><br>**(2) GRANTING CERTIFICATE OF APPEALABILITY** |

On May 31, 2016, Petitioner/Defendant Asim Shakir Daniels, represented by Federal Defenders, filed in the United States District Court for the Southern District of California a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence by a person in federal custody. (Doc. No. 163.) On August 24, 2016, the Government filed a response in opposition to Defendant's motion. (Doc. No. 185.) On August 29, 2016, Defendant filed a reply in support of his motion. (Doc. No. 186.) The Court held a hearing on the matter on October 31, 2016. Michael E. Lasater and Helen H. Hong appeared for the Government. Benjamin P. Davis and Kara Lee Hartzler

appeared for Defendant. On November 7, 2016, the Government filed an amended response in opposition to Defendant's motion. (Doc. No. 194.) On November 8, 2016, Defendant filed an amended reply in support of his motion. (Doc. No. 195.) For the reasons discussed below, the Court denies Defendant's § 2255 motion.

## Background

On February 1, 2012, the Government filed a twelve-count superceding indictment charging Defendant in count 3 with aiding and abetting bank robbery in violation of 18 U.S.C. § 2113(a); in count 8 with bank robbery in violation of 18 U.S.C. § 2113(a); in counts 9 and 10 with armed bank robbery in violation of 18 U.S.C. § 2113(d); and in counts 11 and 12 with brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. No. 25.) On November 1, 2012, Defendant pled guilty, pursuant to a written plea agreement, to counts 8, 9, 10, and 12 of the superceding indictment. (Doc. Nos. 65, 67, 69, 76.)

On February 4, 2013, the Government filed a sentencing summary chart, recommending 70 months in custody for the bank robbery counts and the mandatory 84 months in custody for the brandishing a firearm count to run consecutive, for a total of 154 months in custody. (Doc. No. 107.) On February 5, 2013, Defendant filed a sentencing summary chart, recommending 46 months in custody for the bank robbery counts and the mandatory 84 months in custody for the brandishing a firearm count to run consecutive, for a total of 130 months in custody. (Doc. No. 109.)

On February 11, 2013, the Court held a sentencing hearing. (Doc. Nos. 111, 124.) At the hearing, the Court calculated Defendant's total offense level as 23 and his criminal history category as III, resulting in an advisory guidelines range of 57-71 months for the bank robbery counts. (Doc. No. 124 at 14, 19.) The Court sentenced Defendant to 57 months in custody for each of the bank robbery counts to run concurrently and the mandatory 84 months in custody for the brandishing a firearm count to run consecutive to the other counts, resulting in a total custodial sentence of 141 months. (<u>Id.</u> at 19-22.) The Court entered judgment on February 14, 2013. (Doc.

No. 112.)  Defendant did not appeal his conviction or sentence.

By the present motion, Defendant moves pursuant to 28 U.S.C. § 2255 to vacate his federal prison sentence.  (Doc. No. 163.)  In the motion, Defendant argues that his 84-month sentence for brandishing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) should be vacated because under the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), armed bank robbery under 18 U.S.C. § 2113(d) no longer qualifies as a crime of violence under § 924(c)(3).  (Id. at 1-2, 4-11.)

## Discussion

### I. Legal Standards for § 2255 Motion

A sentencing court may "vacate, set aside or correct the sentence" of a federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Claims for relief under § 2255 must be based on a constitutional or jurisdictional error, "'a fundamental defect which inherently results in a complete miscarriage of justice,'" or a proceeding "'inconsistent with the rudimentary demands of fair procedure.'"  United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  A district court may deny a § 2255 motion without holding an evidentiary hearing if "the petitioner fails to allege facts which, if true, would entitle him to relief, or the petition, files and record of the case conclusively show that he is entitled to no relief."  United States v. Rodriguez-Vega, 797 F.3d 781, 792 (9th Cir. 2015); see 28 U.S.C. § 2255(b); United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's [§ 2255] motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

### II. Analysis

In Johnson, the Supreme Court considered the constitutionality of the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii).  See Johnson, 135 S. Ct. at 2555.  Under the residual clause, the ACCA defined the term

"violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); accord Johnson, 135 S. Ct. at 2555–56. The Supreme Court held the provision void for vagueness, and, therefore, also held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563 ("We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). Subsequently, in Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review."

In the present motion, Defendant argues that under Johnson, armed bank robbery under 18 U.S.C. § 2113(d) is no longer a "crime of violence" under 18 U.S.C. § 924(c). (Doc. No. 163 at 4-11.) 18 U.S.C. § 924(c)(3) defines the term "crime of violence" as:

an offense that is a felony and --

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Defendant's argument that armed bank robbery no longer qualifies as a crime of violence under § 924(c)(3) is two-part. First, Defendant argues that armed bank robbery cannot qualify as a crime of violence under the definition set forth in subdivision (B) because that clause is void for vagueness in light of the Supreme Court's decision in Johnson. (Doc. No. 163 at 4-5.) Second, Defendant argues that armed bank robbery also does not qualify as a crime of violence under the definition set forth in subdivision (A), which Defendant refers to as the "force clause" because, as Defendant contends, armed bank robbery does not require proof of violent physical

force or proof of the intentional use or threatened use of physical force.  (Id. at 6-11.)

Defendant has failed to show that he is entitled to post-conviction relief because under Ninth Circuit precedent, armed bank robbery qualifies as a crime of violence under § 924(c)(3)'s force clause.  In United States v. Wright, 215 F.3d 1020, 1028 (9th Cir. 2000), the Ninth Circuit held that armed bank robbery qualifies as a crime of violence under § 924(c)(3)'s force clause "because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'"  See also United States v. Selfa, 918 F.2d 749, 751 (9th Cir. 1990) ("[P]ersons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1.").  This Court is bound by the Ninth Circuit's decision in Wright.  See Hart v. Massanari, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority . . . has no choice but to follow it.").

Defendant argues that intervening Supreme Court and en banc Ninth Circuit cases have overruled Wright's holding. (Doc. No. 163 at 6.)  But several district courts within the Ninth Circuit have continued to follow Wright's holding post-Johnson and subsequent to the other cases cited in Defendant's motion.  See, e.g., United States v. Abdul-Samad, No. 10CR2792 WQH, 2016 WL 5118456, at *4 (S.D. Cal. Sept. 21, 2016); United States v. Watson, No. 14-00751-01 DKW, 2016 WL 866298, at *6-7 (D. Haw. Mar. 2, 2016); United States v. Charles, No. 3:06-CR-00026 JWS, 2016 WL 4515923, at *1 (D. Alaska Aug. 29, 2016); United States v. Strandberg, No. 213CR00322RCJVCF1, 2016 WL 2626864, at *2 (D. Nev. May 6, 2016); see also e.g., United States v. Steppes, 651 F. App'x 697, 698 (9th Cir. 2016) (holding post-Johnson that the defendant's conviction for bank robbery in violation of § 2113(a) categorically qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)).  In addition, both the Fourth Circuit and the Eleventh Circuit have held post-Johnson that armed bank robbery qualifies as a crime of violence under § 924(c)(3)'s force clause.  See, e.g., United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016) ("[B]ank robbery under 18

U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3)."); In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016) ("[A] conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A)."); see also Allen v. United States, No. 16-2094, __ F.3d __, 2016 WL 4728038, at *1 (8th Cir. July 26, 2016) ("[B]ank robbery in violation of 18 U.S.C. § 2113(a) and (e) is a 'crime of violence' under 18 U.S.C. § 924(c)(3)(A)."). The Court finds the reasoning and conclusions set forth in these decisions persuasive. Accordingly, because armed bank robbery qualifies as a crime of violence under § 924(c)(3)'s force clause, Defendant has failed to show that his sentence was imposed in violation of the Constitution or the laws of the United States. The Court denies Defendant's § 2255 motion.[1]

## VI. Certificate of Appealability

An appeal cannot be taken from the district court's denial of a § 2255 motion unless a certificate of appealability is issued. See 28 U.S.C. § 2253(c)(1); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). A certificate of appealability may issue only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has denied the claims in a § 2255 motion on the merits, a defendant satisfies the above requirement by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Although the Court denies Defendant's § 2255 motion on the merits, the Court concludes that reasonable jurists could find the Court's assessment of Defendant's claims debatable. Accordingly, the Court grants Defendant a certificate of appealability.

---

[1] Because the Court denies Defendant's § 2255 motion on the merits, the Court declines to address the Government's additional arguments that the motion should be denied because Defendant waived his right to collaterally attack his conviction and sentence and procedurally defaulted his claim. (Doc. No. 185 at 5-14; Doc. No. 194 at 4-7.) In addition, the Court denies the Government's request to stay the proceedings. (Doc. No. 185 at 1; Doc. no. 194 at 7-8.)

## Conclusion

For the reasons above, the Court denies Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In addition, the Court grants Defendant a certificate of appealability.

**IT IS SO ORDERED**.

DATED: November 14, 2016

*/s/ Marilyn L. Huff*
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT